[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JTJDGEMENT #111, 114
The plaintiff, Carolyn Taylor, commenced this action against her former employer, Hall Neighborhood House, Inc. (Hall), and its chief executive officer, Pearl Dowell, for intentional infliction of emotional distress CT Page 15933 (counts one and two, respectively), wrongful termination (count three) and negligent infliction of emotional distress (counts four and five, respectively).[1] Before the court are the defendants' motions for summary judgment on counts three and four (docket entry #111) and count five (docket entry #114).
Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
In count three, the plaintiff alleges that the defendants wrongfully terminated her employment. There is no dispute that the plaintiff was an at-will employee, and that an action for wrongful termination of an at-will employee may only lie if there is a violation of some important public policy. See Sheets v. Teddy's Frosted Foods, 179 Conn. 471, 480,427 A.2d 385 (1980). Both parties submitted evidence that supports their respective positions. The defendant submitted certified excerpts of the plaintiff's deposition. In response to a question about whether Dowell terminated her based on a suspicion that she reported program deficiencies, the plaintiff stated that she did not believe that to be the case. (Defendants' Memorandum, Exhibit C, p. 251.) Conversely, the plaintiff submitted to the court the termination letter that she received from the defendants, which alludes to possible negative comments made by the plaintiff to Hall's funding sources. (Plaintiff's Memorandum, Exhibit C.) Therefore there is a genuine issue of material fact as to whether the plaintiff's termination was in violation of public policy. Accordingly, the court denies the defendants' motion for summary judgment as to count three.
In counts four and five, the plaintiff asserts causes of action for negligent infliction of emotional distress against Hall and Dowell, respectively. "[N]egligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process. . . . The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress." (Citations omitted; internal quotation marks omitted.) Parsons v. United Technologies Corp., 243 Conn. 66, 88-89,700 A.2d 655 (1997).
In the present case, the only action the plaintiff alleges during the termination process, other than the termination itself, was the escort provided to her while she cleaned out her desk. "[I]t is not patently unreasonable for an employer to remove a discharged employee from its premises under a security escort." Id., 89. Accordingly, there is no CT Page 15934 genuine issue of material fact regarding the behavior of the defendants during the termination process. Therefore, the court grants the defendants' motion for summary judgment as to counts four and five of the plaintiff's complaint.
Based on the foregoing, it is submitted that the court denies the defendants' motion for summary judgment as to count three, and grants summary judgment as to counts four and five.
JOHN W. MORAN, JUDGE